UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

*ONE APUS* CONTAINER SHIP INCIDENT                     22-MD-3028 (PAE)
ON NOVEMBER 30, 2020

This document relates to *DHL Global Forwarding
(Thailand) Ltd., et al. v. Vanguard Logistics Services
(Hong Kong) Ltd. et al.* (21-CV-10595)

-----------------------------------------------------------X

## VERIFIED THIRD-PARTY COMPLAINT WITH
## PRAYER FOR MARITIME ARREST AND ATTACHMENT

Defendants and Third-Party Plaintiffs, Vanguard Logistics Services (Hong Kong) Ltd. and

Vanguard Logistics Services (collectively "Vanguard") by and through their attorneys, Tisdale &

Nast Law Offices, LLC, as and for their Verified Third-Party Complaint pursuant to Fed. R. Civ.

P. Rule 14(c) against Third-Party Defendants, M/V ONE APUS, *in rem,* Chidori Ship Holding,

LLC, Jessica Ship Holding S.A., NYK Shipmanagement Pte Ltd. and Ocean Network Express Pte

Ltd., alleges as follows:

### JURISDICTION, THE PARTIES, AND VENUE

1.     This is a case of admiralty and maritime jurisdiction within the meaning of 28

U.S.C. §1333, Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure, and Rule 5 of the

Supplemental Rules for Certain Admiralty and Maritime Claims, and within the supplemental

jurisdiction of this court pursuant to 28 U.S.C. §1367.

2.     At all relevant times mentioned herein, Third-Party Plaintiffs Vanguard were and

still are corporations organized and existing under foreign law and were and are engaged in the

business as non-vessel operating carriers ("NVOCC").

3.     At all relevant times mentioned herein, the *in rem* Third-Party Defendant, M/V ONE APUS, was and is a commercial containership registered in Japan with Official Number 143426 and IMO No. 9806079 and was engaged in transporting goods by sea for hire.  The ONE APUS is or soon will be in the jurisdiction of this Court.

4.     At all relevant times mentioned herein, CHIDORI SHIP HOLDING LLC. ("CHIDORI") was and is a foreign corporation registered in Japan with its principal place of business at 2-2-1 Kyobashi, Chuo-ku, Tokyo, Japan.

5.     At all relevant times mentioned herein, *in rem* Third-Party Defendant M/V ONE APUS (the "Vessel"), was and is a vessel owned by CHIDORI.

6.     At all relevant times mentioned herein, JESSICA SHIP HOLDING S.A., ("JESSICA") was and is a foreign corporation registered in the Republic of Panama with its principal place of business at 15th Floor, Banco General Tower, Aquilino De La Guardia Street, Marbella, Panama City, Republic of Panama.

7.     At all relevant times mentioned herein, the Vessel was and is bareboat chartered to JESSICA.

8.     At all relevant times mentioned herein, NYK SHIPMANAGEMENT PTE LTD., ("NYK"), was and is a foreign corporation registered in Singapore with its principal place of business at 1 HarbourFront Place, #15-01 HarbourFront Tower One, Singapore, 098633.

9.     At all relevant times mentioned herein, NYK managed the Vessel.

10.     At all relevant times mentioned herein, OCEAN NETWORK EXPRESS PTE LTD., ("ONE") was and is a foreign corporation registered in Singapore with its principal place of business at 7 Straits View, #16-01 Marina One East Tower, Singapore, 018936.

11.     ONE has a United States subsidiary, Ocean Network Express (North America) Inc., with an office and principal place of business at 8730 Stony Point Parkway, Richmond, Virginia, 23235.  At all relevant times mentioned herein, the Vessel was and is time chartered to ONE.

12.     At all relevant times mentioned herein, ONE was and is engaged in business as a vessel operating common carrier ("VOCC") and issued bills of lading to Vanguard for the carriage of the cargo which is the subject of Plaintiffs' Complaint.

13.     Hereinafter, the Vessel, CHIDORI, JESSICA, NYK and ONE, collectively, are referred to as the "Carrier Defendants."

14.     At all relevant times mentioned herein, Plaintiffs, DHL Global Forwarding (Thailand) Limited, DHL Global Forwarding, DSV Air & Sea Ltd., DSV Air & Sea Inc. d/b/a DSV Ocean Transport and Pyramid Lines Ltd., ("Plaintiffs") were and still are corporations organized and existing under and by virtue of foreign law as set forth in Schedule A to Plaintiffs' Complaint, attached hereto as Exhibit A.

15.     Vanguard hereby incorporates each and every allegation contained in its Answer to the Plaintiffs' Complaint as if set forth at length herein.  Attached hereto as Exhibit B is Vanguard's Answer to Plaintiff's Complaint.

## **FACTS**

16.     Vanguard is a non-vessel operating common carrier that, on behalf of its customer businesses, arranges for the transportation of their customers' goods from one location to another location, including from Asia to the United States.

17.     Vanguard acts as an intermediary in the transportation of goods and contracts with, among others, VOCCs to physically move their customers' goods upon the oceans.

18.     Vanguard contracted with Third-Party Defendant ONE as VOCC for the transportation of the Shipments described in Plaintiff's Complaint aboard the Vessel.

19.     On or about the dates and the ports of Shipments referred to in Plaintiff's Complaint, each of the Shipments was loaded on board the M/V ONE APUS.

20.     According to Plaintiffs' Complaint, on or about November 30, 2020, during the voyage across the Pacific Ocean towards the United States, the Vessel rolled and the Shipments and containers described in Plaintiffs' Complaint went overboard or were otherwise damaged.

21.     Plaintiffs contracted with Vanguard as NVOCC for the purpose of arranging transportation of its Shipment to and from the ports identified in Plaintiffs' Complaint.

## FIRST THIRD-PARTY CAUSE OF ACTION
### (Indemnification and/or Contribution)

22.     Vanguard reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 21, inclusive, with the same force and effect as if fully set forth herein.

23.     On or about the dates stated in Plaintiffs' Complaint, Vanguard entered into one or more contracts of carriage pursuant to which the Carrier Defendants would properly and carefully load, stow, secure, and transport the Shipments from the ports of loading to the ports of discharge. In addition, the Carrier Defendants were to ensure that any carriers utilized to carry the Shipments were reputable and carried the requisite licensure and insurance.

24.     Vanguard's bill of ladings and service agreements with the Carrier Defendants constituted a valid and binding contract under the law.

25.     If it is determined that Vanguard's customer's Shipments were damaged and/or lost and it is determined that Vanguard is responsible for said losses and/or damages as NVOCC, which is denied, these said losses and/or damages were due to the wrongful acts or omissions, including

4

breach of contract, breach of express or implied warranty, etc., or other misconduct of one or more of the Carrier Defendants acting as VOCC and/or otherwise.

26.     The alleged damage to or loss of the Shipments was not caused or contributed to by any act, omission, fault, or neglect on the part of Vanguard, or its customer, its agents, servants, or employees or by that of its customer.

27.     By reason of the alleged damage to or loss of the Shipments, Vanguard and its customer have or will suffer damages and exposure to claims, including damage to or loss of Shipments.

28.     If it is determined that Vanguard is responsible for the alleged damage or loss of its customer Shipments and/or any other losses of any nature whatsoever, which is denied, then, all of Vanguard's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of one or more of the Carrier Defendants and/or its agents acting on its behalf, without any fault of Vanguard or its agents contributing thereto; and therefore, the Carrier Defendants should be held jointly and severally liable to Vanguard for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of all claims.

29.     In the event that Vanguard is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the damage to the Shipments, said liability being expressly denied by Vanguard, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of one or more of the Carrier Defendants, or its officers, agents, servants, and employees and, therefore, Vanguard should be granted full recovery over and against, and be

indemnified by, or recover contribution from the Carrier Defendants for all sums so recovered against Vanguard, including attorneys' fees, expenses, interest, and costs.

### SECOND THIRD-PARTY CAUSE OF ACTION
**(Breach of Contract and of Duties under COGSA, 46 U.S.C. §30701)**

30.     Vanguard reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 21, inclusive, with the same force and effect as if fully set forth herein.

31.     The Carrier Defendants' duties included those of a vessel operating common carrier in accordance with the COGSA §4(5), Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701.

32.     In consideration for specified fees and charges, the Carrier Defendants, which were aware of the nature of the Shipments, contracted to carry the Shipments from the place of receipt at the ports of loading to the place of delivery at the ports of discharge as stated in Plaintiffs' Complaint, and to provide other transportation-related services including, but not limited to the receipt, loading, stowage, and containerization of the Shipments.

33.     According to the Plaintiffs' Complaint, the Shipments were in good order and condition when they were tendered to the Carrier Defendants or entities acting on their behalf, at the ports of loading referred to in Plaintiffs' Complaint.

34.     As stated in Plaintiffs' Complaint, the Carrier Defendants, or entities acting on its behalf, loaded and stowed the Shipments at or near the place of receipt at the ports of loading and clean bills of lading were issued.

35.     At some time and location during the voyage across the Pacific Ocean to the United States, while the Shipments were aboard the Vessel, the Shipments were allegedly damaged and/or lost at sea.

36.   The alleged aforesaid damage was caused by the Carrier Defendants' breaches of contract and duties under COGSA and the general maritime law as well as the Carrier Defendants' negligent failure to properly load, stow, carry, protect, store, care for, and deliver the Shipments, and/or the unseaworthiness of the Vessel.

37.   As a proximate result of the foregoing, Vanguard, and those on whose behalf it brings suit, has sustained or will sustain damages in an amount to be determined, no part of which has been paid although duly demanded.

38.   Vanguard sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## THIRD THIRD-PARTY CAUSE OF ACTION
### (Breach of Warranties and Nondelegable Cargoworthiness Duties)

39.   Vanguard reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 21, inclusive, with the same force and effect as if fully set forth herein.

40.   The Vessel was at all material times an ocean-going containership with fixed cell guides and was designed to carry Shipments in truck-size intermodal containers, including those requiring electric power for temperature control, which serve as extensions of the holds of the vessel.

41.   The Carrier Defendants' statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide a seaworthy and cargoworthy ocean shipping container fit in every respect to carry the Shipments which the Carrier Defendants contracted to transport.

42.   The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, and stowage of the Containers while the Shipments were in their custody and control.

7

43.     The Carrier Defendants, or entities acting on their behalf, were also responsible for the pre-trip receipt, inspection, and preparation of the Container.

44.     If it is determined that the Shipments were damaged during carriage, the damage is a result of the Carrier Defendants' failure.

45.     The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, stowage, and operation of the Vessel while the Container was in their custody and control.

46.     The Carrier Defendants, or entities acting on their behalf, were also responsible for the seaworthiness of the Vessel for the ocean voyage.

47.     If it is determined that the Shipments were damaged during carriage onboard the Vessel, the damage is a result of the Carrier Defendants' failure in making the Vessel seaworthy prior to the voyage.

48.     If the Cargo was damaged, the alleged damage was caused in whole or in part by the mishandling by the Carrier Defendants or entities acting on their behalf, during the subject multimodal transportation.

49.     Accordingly, the Carrier Defendants are liable to Vanguard as a result of the breaches of their nondelegable duties and breaches of warranties with respect to the Shipments, the Vessel and the Containers.

50.     As the proximate result of the foregoing, Vanguard, and those on whose behalf it sues, has or will sustain damages in an amount to be determined, no part of which has been paid although duly demanded.

## FOURTH THIRD-PARTY CAUSE OF ACTION
### (General Negligence)

51.     Vanguard reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 21, inclusive, with the same force and effect as if fully set forth herein.

52.     The alleged damage to or loss of the Shipments was caused in whole, or in part, by the Carrier Defendants' failure to properly care for, communicate and carry out all relevant instructions concerning the transport of the Shipments.

53.     The alleged damage to the Shipments was due to the want of care, design, neglect, fault, privity, negligence, fault, lack of care, gross negligence, willful, wanton, and reckless misconduct of the Carrier Defendants.  Said conduct includes, but is not limited to, handling of the Shipments, which caused and/or contributed to the alleged damage to or loss of the Shipments and the resulting damage to Vanguard.

54.     If it is determined that the Shipments were damaged or lost, the resulting losses, damages, and expenses aforesaid were directly caused or attributable to the aforesaid failures of the Carrier Defendants and, therefore, the Carrier Defendants should be held liable to all parties who have made claims against Vanguard in this litigation.

55.     As the proximate result of the foregoing, Vanguard, and those on whose behalf it sues, has or will sustain damages in an amount to be determined, no part of which has been paid although duly demanded.

## FIFTH THIRD-PARTY CAUSE OF ACTION
### (Claim for Liability to Customer)

56.     Vanguard reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 21, inclusive, with the same force and effect as if fully set forth herein.

57.     As stated in Plaintiffs' Complaint, the Plaintiffs are the shippers, consignees, or owners of the Shipments shipped aboard the Vessel.

58.     As stated in Plaintiff's Complaint, Vanguard was the NVOCC of the goods shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

59.     According to the Complaint, the Shipments were delivered by Vanguard's customer and Vanguard, as NVOCC, to the Carrier Defendants at the load port in actual good order and condition.

60.     At the time Carrier Defendants either made delivery of or should have made delivery of the Shipments to Plaintiffs, according to the Plaintiffs' Complaint, the Shipments were either not delivered or damaged.

61.     As a result of Carrier Defendants' failure to redeliver Vanguard's customer's Shipments in the same good order and condition as received by them, said Carrier Defendants are liable to Vanguard and Vanguard's customers for their full losses in an amount to be determined.

## RULE B MARITIME ATTACHMENT

62.     Upon information and belief, Chidori and Jessica cannot be found within the district as that term is used in Rule B of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions ("Supplemental Rule B").

63.     Upon information and belief, the vessel ONE APUS will be in this Judicial District on or about July 14-17, 2022 and likely thereafter.

64.     Upon information and belief, Chidori and Jessica have a property interest in the Vessel which will soon be in this District.  In particular, as bareboat charterers and time charterers, Chidori and Jessica will have property interests in or on the ONE APUS, its engines, tackle, appurtenances, fuel, etc.

65.     Since Jessica and Chidori's property will soon be in the district, Vanguard seeks a writ of attachment directed to any and all of Jessica and Chidori's property in or on the ONE APUS in this Judicial District as security for its counterclaims.  The attachment is in the amount of $574,500, made up of the following:

A.     Plaintiffs' Complaint seeks damages of $310,000;

B.     Attorneys' fees for Vanguard's indemnity claims, estimated to be $100,000;

C.     Prejudgment interest of $49,600 representing 8% per annum for two years on the principle amount claimed of $310,000; and

D.     A twenty-five percent (25%) increase, or $114,900 pursuant to the Supplemental Rules, the practice of this Court, and the practice in this case.

66.     As demonstrated by the attached declaration, Vanguard has searched for Jessica and Chidori in this Judicial District but has been unable to locate any offices or other conditions that would subject Jessica and Chidori to being "found" within the District within the meaning of Supplemental Rule B.

67.     Accordingly, Vanguard seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching, *inter alia,* the property of Jessica and Chidori in or on the ONE APUS when said vessel is within the District, for the purpose of obtaining security for Vanguard's Third-Party Complaint and personal jurisdiction over Jessica and Chidori.

**WHEREFORE**, Third-Party Plaintiff Vanguard prays that:

A.     That process in due form of law issue against the Carrier Defendants, citing them to appear and answer under oath all and singular the matters alleged in their Verified Third-Party Complaint, failing which default judgment be entered against them;

11

B.      That, since Jessica and Chidori cannot be found within this District pursuant to Rule B of the Supplemental Rules, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment attaching all goods, chattels, property, tangible or intangible, etc., of Jessica and Chidori up to the amount of $574,500, including but not limited to such property each may have on or in the ONE APUS or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear, and pursuant to Supplemental Rule B, answer the matters alleged in the Third-Party Complaint;

C.      Pursuant to FED. R. CIV. P. 14(c), that the Third-Party Defendants be required to appear and answer the Plaintiff's Complaint as if they were direct defendants included therein;

D.      That the Carrier Defendants be found to be liable for indemnity to Vanguard and for all such sums for which Vanguard may be found liable, including attorneys' fees, interest, costs, and disbursements;

E.      Judgment be entered in favor of Vanguard as against the Carrier Defendants for contribution toward any losses or damages suffered by Vanguard to the Plaintiff, which is denied, including legal fees and disbursements incurred in defense of claims;

F.      For judgment in favor of Vanguard against the Carrier Defendants jointly and severally, for whatever amount is assessed against them after a trial; and

G.      For such other and further relief as this Court deems just and proper.

Dated: July 14, 2022
     New York, NY

Respectfully submitted,
Defendants,
Vanguard Logistics Services (Hong Kong) Ltd.
and Vanguard Logistics Services,

By:       _____/s/_____

Thomas L. Tisdale
Austyn L. Carolin
Tisdale & Nast Law Offices, LLC
200 Park Avenue Suite 1700
New York, NY 10166
Tel:    212.354.0025
Fax:   212.869.0067
*ttisdale@tisdale-law.com*
*acarolin@tisdale-law.com*

## ATTORNEY'S VERIFICATION

Thomas L. Tisdale, an attorney duly authorized to practice before this Honorable Court,

under the penalty of perjury of the laws of the United States, declares as follows:

1.      My name is Thomas L. Tisdale.

2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney at Tisdale & Nast Law Offices, LLC, attorneys for the Third-Party Plaintiffs.

4.      I have read the foregoing Verified Third-Party Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.      The reason why this Verification is being made by the deponent and not by the Third-Party Plaintiffs is that the Third-Party Plaintiffs are business organizations with no officers or directors now within this District.

6.      The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from the Third-Party Plaintiffs and agents and/or representatives of the Third-Party Plaintiffs.

7.      I am authorized to make this Verification on behalf of the Third-Party Plaintiffs.

8.      The foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Dated: July 14, 2022
      Southport, CT

                          Thomas L. Tisdale

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on July 14, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

_____/s/_____
Thomas L. Tisdale
