LYONS & FLOOD, LLP
The Towers, Suite 206
111 Great Neck Road
Great Neck, NY 11021
(212) 594-2400

Attorneys for Defendant Ocean Network Express, Pte., Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020<br><br>This Document Relates To MSIG MINGTAI INSURANCE COMPANY, LTD. v. M/V "ONE APUS" *in rem*, et al., N.D. Cal 22-civ-03429 | 22-md-3028 (PAE)<br><br><br><br>**ANSWER TO COMPLAINT** |

   Defendant Ocean Network Express, Pte., Ltd. ("ONE"), by its attorneys, Lyons & Flood, LLP, answers the complaint of MSIG Mingtai Insurance Company, Ltd. (ECF 1) upon information and belief as follows.

   1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

   2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

   3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

   4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

   5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Admits the allegations of paragraph 11.

12. Admits that Ocean Network Express (North America), Inc. is the general agent of ONE in the U.S. and that it is a Virginia Corporation with an office where alleged, but except as so specifically admitted, denies the allegations of paragraph 12.

13. Admits that ONE was a sub-time charterer of the vessel.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Denies the allegations of paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Admits only that ONE issued sea waybill ONEYSGNAS0727600 for the transport of the five sealed containers listed in paragraph 18, denies that Exhibit A is a true and correct copy of the sea waybill, but except as so specifically admitted, denies the allegations of paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Admits generally that during the voyage containers were lost overboard or damaged, but except as so specifically admitted, denies knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 27, which paragraph does not identify any particular containers.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

## FIRST AFFIRMATIVE DEFENSE

32. The subject shipments are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under ONE sea waybills including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; the mandatory Singapore High Court jurisdiction clause; and others listed in the terms and conditions of carriage.

## SECOND AFFIRMATIVE DEFENSE

33. The claims should be dismissed on the basis of the mandatory Singapore High Court jurisdiction clause in ONE's terms and conditions of carriage.

### THIRD AFFIRMATIVE DEFENSE

34. ONE reserves the right to rely on any of the terms, conditions, defenses, limitations, and limitations of liability available under the sea waybills and/or bills of lading issued by defendants Starlink and/or Apex and/or any other NVOCC including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; any jurisdiction or arbitration clause; any covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; and others listed in the terms and conditions of carriage.

### FOURTH AFFIRMATIVE DEFENSE

35. The claims should be dismissed on the basis of the covenant not to sue provision in sea waybills and/or bills of lading issued by defendants Starlink and/or Apex or any other NVOCCs.

### FIFTH AFFIRMATIVE DEFENSE

36. The shipments in question were subject to all of the terms, conditions, defenses, limitations, and limitations of liability of the United States Carriage of Goods by Sea Act (and/or the Harter Act, if applicable) including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; and that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier.

### SIXTH AFFIRMATIVE DEFENSE

37. Any damage and/or loss to the shipments in question were caused by or due to the

acts, omissions, fault, neglect and/or breach of warranty of the owners of the shipments, the shippers or receivers and their agents or the nature of the shipments, including insufficiency of packing or marks, improper stuffing of containers, inherent vice, or resulted from the acts, omissions, fault or negligent of other persons or entities for which ONE is neither responsible nor liable.

### SEVENTH AFFIRMATIVE DEFENSE

38. ONE's liability, if any, is limited to $500 per package, or for goods not shipped in packages, $500 per customary freight unit.

### EIGHTH AFFIRMATIVE DEFENSE

39. Due diligence was exercised to make the carrying vessel seaworthy and to ensure that it was properly manned, equipped, and supplied, and to make the holds and other parts of the vessel in which the shipment was carried safe and fit for its reception. Accordingly, if the shipments sustained any loss or damage due to any unseaworthiness of the vessel, which is denied, ONE is not liable for said loss or damage.

### NINTH AFFIRMATIVE DEFENSE

40. This Court lacks personal jurisdiction over ONE.

### TENTH AFFIRMATIVE DEFENSE

41. The claims against ONE are time-barred.

### ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff is not the real party in interest.

### TWELFTH AFFIRMATIVE DEFENSE

43. ONE reserves the right to rely on any terms, conditions, defenses, limitations and limitations of liability of any applicable service contract.

- 7 -

## THIRTEENTH AFFIRMATIVE DEFENSE

44. Failure to state a claim upon which relief can be granted.

WHEREFORE, ONE prays for judgment dismissing all claims against ONE, for all costs and attorneys' fees associated with this action, and for such other and further relief as the Court deems just and proper.

Dated: August 23, 2022

                                        LYONS & FLOOD, LLP
                                        Attorneys for Defendant
                                        Ocean Network Express, PTE., LTD.

By: _____
       Randolph H. Donatelli
       The Towers, Suite 206
       111 Great Neck Road
       Great Neck, NY 11021
       (212) 594-2400

C:\Users\emcke\Lyons & Flood Dropbox\WorkDrive\Donatelli\2766017\Legal\ND Cal 22-cv-3429\Answer to Complaint.docx