# *Nicoletti Hornig & Sweeney*

**WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
FACSIMILE 212-220-3780
GENERAL@NICOLETTIHORNIG.COM
WWW.NICOLETTIHORNIG.COM**

KEVIN J.B. O'MALLEY
PARTNER
DIRECT DIAL: 212-220-0394
KOMALLEY@NICOLETTIHORNIG.COM

November 8, 2022

<u>**VIA ECF**</u>

Hon. Paul A. Engelmayer
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *In re: One Apus Container Ship Incident on November 30, 2020*
               22-md-3028 (PAE)
               Our File: 28-305A

               _____

Dear Judge Engelmayer:

We are Temporary Cargo Counsel.  With the input of Temporary NVOCC Counsel and Temporary Vessel Counsel, we write pursuant to Section V(C) of Order No. 1 (ECF Doc. 3) to propose (1) an agenda for the initial conference to be held on December 15, 2022 and (2) a schedule for pretrial activities, including discovery and motions.

    **1.**      **Proposed Agenda for Initial Conference**

These actions present a typical cargo damage claim, albeit on a larger scale than most COGSA litigation.  The parties do not believe that the items listed in Section 21.1 of the *Manual for Complex Litigation* (4th ed.) are applicable to these actions and respectfully submit that they should not constitute a tentative agenda for the conference.  Instead, the parties propose the following agenda:

    (a)     Status of global settlement discussions

    (b)     Appointment of lead and liaison counsel, and of committees

    (c)     Initial motions and timing thereof

**NEW JERSEY** ● 505 MAIN STREET, SUITE 106, HACKENSACK, NJ 07601-5928 ● T 201-343-0970 ● F 201-343-5882
**GEORGIA** ● 4555 MANSELL ROAD, SUITE 300, ALPHARETTA, GA 30022 ● T 770-521-4234 ● F 770-521-4200

Hon. Paul A. Engelmayer                    - 2 -                    November 8, 2022

      (i)      motions to dismiss based on forum selection clauses, lack of personal jurisdiction, improper venue or other matters; potential need for limited discovery on these issues

      (ii)     motions for default judgment

      (iii)    motions to substitute subrogated underwriters for insureds whose claims have now been paid

(d)     Potential for bifurcated proceedings – liability issues and damages issues

(e)     Discovery

      (i)      scope and limits

      (ii)     phasing discovery (if no bifurcation) – liability issues and damages issues

      (iii)    uniform discovery requests; uniform objections and responses

(f)     Schedule for pretrial activities

(g)     Potential retention of all actions for trial or, alternatively, bellwether trials

**2.     Proposed Schedule For Pretrial Activities**

These actions concern the loss of some 1,800 containers and damage to many others during the ocean voyage of the M/V ONE APUS ("Vessel") from Asia to the west coast of the United States of America in November/December 2020.

The cargo plaintiffs ("Cargo Claimants") are the shippers, consignees, cargo owners, subrogated insurers, etc. seeking to recover for the loss of and damage to the goods in the containers that were lost overboard or damaged.  They have submitted claims against various carriers and others for the loss of or damage to the cargo.

Defendants are non-vessel-operating common carriers ("NVOCCs") and vessel operating common carriers ("VOCCs") that issued bills of lading for the carriage of goods on board the Vessel from Asia to the United States, as well as the owners and bareboat charterers of the Vessel ("Owners/Charterers").  The Vessel itself is an *in rem* defendant.  Some NVOCCs have filed third-party complaints against the VOCCs and Owners/Charterers seeking indemnity and contribution.

The various parties are located around the world in countries such as the United States, Japan, Germany, China, South Korea, the United Kingdom, Singapore, Hong Kong, Taiwan and Switzerland.  There are numerous non-parties located around the world as well.  These non-parties include the former master and crew of the ONE APUS, the Vessel's managers, the Vessel's classification society, the weather routing service used by the Vessel and surveyors.  The parties anticipate that there will be expert witnesses on a variety of subjects, including weather, container

Hon. Paul A. Engelmayer                    - 3 -                    November 8, 2022

vessel design, container vessel operations and crew training.  In sum, discovery needs to be had of a wide variety of persons from a wide variety of locales.

   With regard to the issue of liability, the claims and defenses of the parties share common questions of fact and law.  These actions present a typical cargo damage claim, albeit on a larger scale than most COGSA litigation.  Discovery on liability issues (both documentary and testimonial) will apply to the various actions as a whole.  It is believed that discovery on liability issues will involve parties and non-parties mostly in Japan and Singapore, not including the Vessels' former master and crew.  The former master and the senior officers/crew are from India, Romania, Myanmar and the Philippines.

   With regard to the issue of damages, the claims and defenses of the parties are more individualized but still share common questions of fact and law.  The individualization stems largely from each shipment consisting of differing goods of differing quantities and values. Discovery on damages issues (both documentary and testimonial) will usually apply to individual actions, rather than the various actions as a whole.

   As the anticipated discovery on liability will be distinct from the anticipated discovery on damages, the parties respectfully submit that discovery should be conducted in phases.  They submit that fact and expert discovery be conducted on liability issues first and then on damages issues, with the potential for dispositive motions and/or a bellwether trial in between the two phases.

   Alternatively, and potentially preferably, the actions could be bifurcated such that discovery is conducted and a trial is held on liability issues before beginning discovery on damages issues.  *See*, *e.g.*, *Raphaely Int'l, Inc. v. Waterman S.S. Corp.*, 764 F. Supp. 47, 52 (S.D.N.Y. 1991) (noting that the "usual practice" in an admiralty action is to bifurcate because the "extensive evidence necessary to prove liability is distinct from the evidence necessary to prove damages"). This approach may require addressing the holding in *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), prohibiting a transferee judge from self-transferring a proceeding to himself for trial.

   The parties submit herewith a proposed Civil Case Management Plan and Scheduling Order.  The dates proposed in the plan take into account the amount of discovery to be undertaken, the wide range of locales for such discovery and the phasing of discovery.

         Respectfully submitted,

        NICOLETTI HORNIG & SWEENEY

      By:  S/ *Kevin J.B. O'Malley*

Encl.

cc:  **VIA ECF**
   Counsel of Record