LYONS & FLOOD, LLP
The Towers, Suite 206
111 Great Neck Road
Great Neck, NY 11021
(212) 594-2400

**Attorneys for Third-Party Defendant Ocean Network Express, Pte., Ltd.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020<br><br>This Document Relates To TRAVELERS PROPERTY CASUALTY CO. OF AMERICA v. DJR LOGISTICS, INC., 22-civ-02406 | 22-md-3028 (PAE)<br><br><br>**ANSWER TO THIRD-PARTY COMPLAINT** |

        Third-Party Defendant Ocean Network Express, Pte., Ltd. ("ONE"), by its attorneys,

Lyons & Flood, LLP, answers the third-party complaint of DJR Logistics, Inc. ("DJR") (ECF 24)

upon information and belief as follows.

        1.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1.

        2.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 2.

        3.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of both paragraphs numbered 3.

        4.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 4.

        5.        Admits the allegations of paragraph 5.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.     Admits the allegations of paragraph 8.

9.     Admits that ONE is a vessel operating common carrier listed with the FMC that engages in transporting containerized shipments to and from the U.S., and that Ocean Network Express (North America), Inc. ("ONE N.A.") is the general agent of ONE in the United States, but except as so specifically admitted, denies the allegations of paragraph 9.

10.     Admits the allegations of paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.     Admits only that ONE issued sea waybills listed for the carriage of the sealed containers listed in Schedule A of the complaint, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.     Admits only that sealed containers ONEU0010772, TCNU7119105, and TCNU8397590 were lost overboard, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     ONE repeats and realleges its responses to paragraphs 1-16 above.

18.     Admits only that ONE issued sea waybills listed in Schedule A of the third-party complaint, for the carriage of sealed containers listed in Schedule A of the third-party complaint, but except as so specifically admitted, denies the allegations of paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.     Denies the allegations of paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21

22.     Denies the allegations of paragraph 22.

23.     Denies the allegations of paragraph 23.

24.     Denies the allegations of paragraph 24.

25.     ONE repeats and realleges its responses to paragraphs 1-24 above.

26.     The allegations in paragraph 26 set forth and/or call for a legal conclusion to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.     Admits only that in consideration for freight paid or to be paid, ONE issued the sea waybills listed in Schedule A of the third-party complaint, for the carriage of the sealed containers listed in Schedule A of the third-party complaint, but except as so specifically admitted, denies the allegations of paragraph 27.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.    Admits only that sealed containers ONEU0010772, TCNU7119105, and TCNU8397590 were lost overboard, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.    Denies the allegations of paragraph 31.

32.    Denies the allegations of paragraph 32.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.    ONE repeats and realleges its responses to paragraphs 1-33 above.

35.    The allegations in paragraph 35 set forth and/or call for legal conclusions to which no response is required. However, to the extent an answer is required, ONE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.    The allegations in paragraph 36 set forth and/or call for legal conclusions to which no response is required. However, to the extent an answer is required, ONE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.    The allegations in paragraph 37 set forth and/or call for legal conclusions to which no response is required. However, to the extent an answer is required, ONE denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     The allegations in paragraph 38 set forth and/or call for legal conclusions to which no response is required. However, to the extent an answer is required, ONE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.     Denies the allegations of paragraph 39.

40.     The allegations in paragraph 40 set forth and/or call for legal conclusions to which no response is required. However, to the extent an answer is required, ONE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     The allegations in paragraph 41 set forth and/or call for legal conclusions to which no response is required. However, to the extent an answer is required, ONE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     Denies the allegations of paragraph 42.

43.     Denies the allegations of paragraph 43.

44.     Denies the allegations of paragraph 44.

45.     ONE repeats and realleges its responses to paragraphs 1-44 above.

46.     The allegations in paragraph 46 set forth and/or call for legal conclusions to which no response is required. However, to the extent an answer is required, ONE denies the allegations of paragraph 46 as they relate to ONE. ONE denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other parties.

47.     The allegations in paragraph 47 set forth and/or call for legal conclusions to which no response is required. However, to the extent an answer is required, ONE denies the allegations of paragraph 47 as they relate to ONE. ONE denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other parties.

48.     Denies the allegations of paragraph 48.

49.     Denies the allegations of paragraph 49.

50.     ONE repeats and realleges its responses to paragraphs 1-49 above.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.     Denies the allegations of paragraph 55.

<u>FIRST AFFIRMATIVE DEFENSE</u>

56.     The shipments moving under said ONE sea waybills are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such ONE sea waybills including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the

fault or neglect of the agents or servants of the carrier; the mandatory Singapore High Court jurisdiction clause; and others listed in the terms and conditions of carriage.

## SECOND AFFIRMATIVE DEFENSE

57.    The claims for shipments moving under said ONE sea waybills should be dismissed on the basis of the mandatory Singapore High Court jurisdiction clause in ONE's terms and conditions of carriage.

## THIRD AFFIRMATIVE DEFENSE

58.    ONE reserves the right to rely on any of the terms, conditions, defenses, limitations, and limitations of liability available under the sea waybills and/or bills of lading issued by DJR Logistics, Inc. and/or any other NVOCC including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; any jurisdiction or arbitration clause; any covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; and others listed in the terms and conditions of carriage.

## FOURTH AFFIRMATIVE DEFENSE

59.    Claims for shipments moving under bills of lading and/or sea waybills of DJR Logistics, Inc. and/or any NVOCC should be dismissed on the basis of the covenant not to sue clause in the terms and conditions of such bills of lading and/or sea waybills.

## FIFTH AFFIRMATIVE DEFENSE

60.    The shipments in question were subject to all of the terms, conditions, defenses, limitations, and limitations of liability of the United States Carriage of Goods by Sea Act (and/or the Harter Act, if applicable) including, but not limited to: act, neglect, or default in the

navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; and that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

61.     Any damage and/or loss to the shipments in question were caused by or due to the acts, omissions, fault, neglect and/or breach of warranty of the owners of the shipments, the shippers or receivers and their agents or the nature of the shipments, including insufficiency of packing or marks, improper stuffing of containers, inherent vice, or resulted from the acts, omissions, fault or negligent of other persons or entities for which ONE is neither responsible nor liable.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

62.     ONE's liability, if any, is limited to $500 per package, or for goods not shipped in packages, $500 per customary freight unit.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

63.     Due diligence was exercised to make the carrying vessel seaworthy and to ensure that it was properly manned, equipped, and supplied, and to make the holds and other parts of the vessel in which the shipment was carried safe and fit for its reception. Accordingly, if the shipments sustained any loss or damage due to any unseaworthiness of the vessel, which is denied, ONE is not liable for said loss or damage.

<u>NINTH AFFIRMATIVE DEFENSE</u>

64.     This Court lacks personal jurisdiction over ONE.

TENTH AFFIRMATIVE DEFENSE

65.     The claims against ONE are time-barred.

ELEVENTH AFFIRMATIVE DEFENSE

66.     Plaintiff is not the real party in interest.

TWELFTH AFFIRMATIVE DEFENSE

67.     ONE reserves the right to rely on any terms, conditions, defenses, limitations and limitations of liability of any applicable service contract.

THIRTEENTH AFFIRMATIVE DEFENSE

68.     Failure to state a claim upon which relief can be granted.

WHEREFORE, ONE prays for judgment dismissing all claims against ONE, for all costs and attorneys' fees associated with this action, and for such other and further relief as the Court deems just and proper.

Dated: December 16, 2022

LYONS & FLOOD, LLP
Attorneys for Third-Party Defendant
Ocean Network Express, PTE., LTD.

By: _____
Randolph H. Donatelli
The Towers, Suite 206
111 Great Neck Road
Great Neck, NY 11021
(212) 594-2400

C:\Users\emcke\Lyons & Flood Dropbox\WorkDrive\Donatelli\2766017\Legal\22-cv-02406\Answer to Third-Party Complaint.docx