LYONS & FLOOD, LLP
The Towers, Suite 206
111 Great Neck Road
Great Neck, NY 11021
(212) 594-2400

Attorneys for Defendant Ocean Network Express, Pte., Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020<br><br>This Document Relates To MITSUI SUMITOMO INSURANCE CO. OF AMERICA, et al. v. M/V ONE APUS in rem et al, 22-civ-08233 | 22-md-3028 (PAE)<br><br>**ANSWER TO CROSS-CLAIM OF BLUE WORLD LINE** |

Defendant Ocean Network Express, Pte., Ltd. ("ONE"), by its attorneys, Lyons & Flood, LLP, answers the cross-claim of Blue World Line ("BWL") (ECF 126) upon information and belief as follows.

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Admits only that ONE was a sub-time charterer of the vessel, but except as so specifically admitted, denies the allegations of paragraph 3.

4. Denies the allegations of paragraph 4.

5. Denies the allegations of paragraph 5.

## FIRST AFFIRMATIVE DEFENSE

6. Shipments moving under ONE sea waybills and/or bills of lading are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such ONE sea waybills and/or bills of lading including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; the mandatory Singapore High Court jurisdiction clause; and others listed in the terms and conditions of carriage.

## SECOND AFFIRMATIVE DEFENSE

7. Claims for shipments moving under ONE bills of lading and/or sea waybills should be dismissed on the basis of the mandatory Singapore High Court jurisdiction clause in ONE's terms and conditions of carriage.

## THIRD AFFIRMATIVE DEFENSE

8. Shipments moving under HMM sea waybills and/or bills of lading are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such HMM sea waybills and/or bills of lading including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; the mandatory Seoul Civil District Court jurisdiction clause; and others listed in the terms and conditions of carriage.

FOURTH AFFIRMATIVE DEFENSE

9. Claims for shipments moving under HMM bills of lading and/or sea waybills should be dismissed on the basis of the mandatory Seoul Civil District Court jurisdiction clause in HMM's terms and conditions of carriage.

FIFTH AFFIRMATIVE DEFENSE

10. Shipments moving under Yang Ming sea waybills and/or bills of lading are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such Yang Ming sea waybills and/or bills of lading including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; and others listed in the terms and conditions of carriage.

SIXTH AFFIRMATIVE DEFENSE

11. Shipments moving under Hapag-Lloyd sea waybills and/or bills of lading are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such Hapag-Lloyd sea waybills and/or bills of lading, including but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; the mandatory Hamburg, Germany jurisdiction clause; and others listed in the terms and conditions of carriage.

SEVENTH AFFIRMATIVE DEFENSE

12. Claims for shipments moving under Hapag-Lloyd bills of lading or sea waybills should be dismissed on the basis of the mandatory Hamburg, Germany jurisdiction clause in Hapag-Lloyd's terms and conditions of carriage.

EIGHTH AFFIRMATIVE DEFENSE

13. ONE reserves the right to rely on any of the terms, conditions, defenses, limitations, and limitations of liability available under the sea waybills and/or bills of lading issued by BWL and/or any NVOCC including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; any jurisdiction or arbitration clause; any covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; and others listed in the terms and conditions of carriage.

NINTH AFFIRMATIVE DEFENSE

14. Claims for shipments moving under bills of lading and/or sea waybills of Yang Ming, Hapag-Lloyd, HMM, BWL and/or any NVOCC should be dismissed on the basis of the covenant not to sue clause in the terms and conditions of such bills of lading and/or sea waybills.

TENTH AFFIRMATIVE DEFENSE

15. The shipments in question were subject to all of the terms, conditions, defenses, limitations, and limitations of liability of the United States Carriage of Goods by Sea Act (and/or the Harter Act, if applicable) including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; and that any damage and/or loss to the shipments in question

arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier.

ELEVENTH AFFIRMATIVE DEFENSE

16. Any damage and/or loss to the shipments in question were caused by or due to the acts, omissions, fault, neglect and/or breach of warranty of the owners of the shipments, the shippers or receivers and their agents or the nature of the shipments, including insufficiency of packing or marks, improper stuffing of containers, inherent vice, or resulted from the acts, omissions, fault or negligent of other persons or entities for which ONE is neither responsible nor liable.

TWELFTH AFFIRMATIVE DEFENSE

17. ONE's liability, if any, is limited to $500 per package, or for goods not shipped in packages, $500 per customary freight unit.

THIRTEENTH AFFIRMATIVE DEFENSE

18. Due diligence was exercised to make the carrying vessel seaworthy and to ensure that it was properly manned, equipped, and supplied, and to make the holds and other parts of the vessel in which the shipment was carried safe and fit for its reception. Accordingly, if the shipments sustained any loss or damage due to any unseaworthiness of the vessel, which is denied, ONE is not liable for said loss or damage.

FOURTEENTH AFFIRMATIVE DEFENSE

19. This Court lacks personal jurisdiction over ONE.

FIFTEENTH AFFIRMATIVE DEFENSE

20. The claims against ONE are time-barred.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

21. Plaintiff is not the real party in interest.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

22. ONE reserves the right to rely on any terms, conditions, defenses, limitations and limitations of liability of any applicable service contract.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

23. Failure to state a claim upon which relief can be granted.

WHEREFORE, ONE prays for judgment dismissing all claims against ONE, for all costs and attorneys' fees associated with this action, and for such other and further relief as the Court deems just and proper.

Dated: March 17, 2023

                        LYONS & FLOOD, LLP
                        Attorneys for Defendant
                        Ocean Network Express, PTE., LTD.

By: _____
      Randolph H. Donatelli
      The Towers, Suite 206
      111 Great Neck Road
      Great Neck, NY 11021
      (212) 594-2400

C:\Users\emcke\Lyons & Flood Dropbox\WorkDrive\Donatelli\2766017\Legal\22-cv-08233\Answer to Blue World's Cross-Claim.docx