LYONS & FLOOD, LLP
The Towers, Suite 206
111 Great Neck Road
Great Neck, NY 11021
(212) 594-2400

Attorneys for Defendant Ocean Network Express, Pte., Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020<br><br>This Document Relates To MITSUI SUMITOMO INSURANCE CO. OF AMERICA, et al. v. M/V ONE APUS in rem, et al., 22-civ-08233 | 22-md-3028 (PAE)<br><br><br>**ANSWER TO CROSS-CLAIM OF ALLIANCE CARGO GROUP (HK) LTD.** |

Defendant Ocean Network Express, Pte., Ltd. ("ONE"), by its attorneys, Lyons & Flood,

LLP, answers the cross-claim of Alliance Cargo Group (HK) Ltd. ("Alliance") (ECF 141) upon

information and belief as follows.

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1.

2.      Denies the allegations of paragraph 2.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 4.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 5.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Admits the allegations of paragraph 7.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.      Admits the allegations of paragraph 12.

13.      Admits that ONE is a vessel operating common carrier listed by the FMC and engages in transporting containerized shipments of cargo.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.     Admits only that ONE, HPL, YM and HMM have a vessel sharing agreement, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.     Admits only that sealed container TTNU8990398 was lost overboard, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.     ONE denies the allegations of paragraph 25.

<u>FIRST AFFIRMATIVE DEFENSE</u>

26.     Shipments moving under ONE sea waybills and/or bills of lading are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such ONE sea waybills and/or bills of lading including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any

damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; the mandatory Singapore High Court jurisdiction clause; and others listed in the terms and conditions of carriage.

## SECOND AFFIRMATIVE DEFENSE

27.     Claims for shipments moving under ONE bills of lading and/or sea waybills should be dismissed on the basis of the mandatory Singapore High Court jurisdiction clause in ONE's terms and conditions of carriage.

## THIRD AFFIRMATIVE DEFENSE

28.     The Shipment mentioned in paragraph 21 was moving under a HMM sea waybill and/or bill of lading and is subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such HMM sea waybills and/or bills of lading including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; the mandatory Seoul Civil District Court jurisdiction clause; and others listed in the terms and conditions of carriage.

## FOURTH AFFIRMATIVE DEFENSE

29.     The claim for the Shipment mentioned in paragraph 21 was moving under a HMM bill of lading and/or sea waybill and should be dismissed on the basis of the mandatory Seoul Civil District Court jurisdiction clause in HMM's terms and conditions of carriage.

FIFTH AFFIRMATIVE DEFENSE

30. Shipments moving under Yang Ming sea waybills and/or bills of lading are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such Yang Ming sea waybills and/or bills of lading including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; and others listed in the terms and conditions of carriage.

SIXTH AFFIRMATIVE DEFENSE

31. Shipments moving under Hapag-Lloyd sea waybills and/or bills of lading are subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under such Hapag-Lloyd sea waybills and/or bills of lading, including but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; the mandatory Hamburg, Germany jurisdiction clause; and others listed in the terms and conditions of carriage.

SEVENTH AFFIRMATIVE DEFENSE

32. Claims for shipments moving under Hapag-Lloyd bills of lading or sea waybills should be dismissed on the basis of the mandatory Hamburg, Germany jurisdiction clause in Hapag-Lloyd's terms and conditions of carriage.

EIGHTH AFFIRMATIVE DEFENSE

33.    ONE reserves the right to rely on any of the terms, conditions, defenses, limitations, and limitations of liability available under the sea waybills and/or bills of lading issued by Alliance and/or any other NVOCC including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; any jurisdiction or arbitration clause; any covenant not to sue clause; that any damage and/or loss to the shipments in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; and others listed in the terms and conditions of carriage.

NINTH AFFIRMATIVE DEFENSE

34.    Claims for shipments moving under bills of lading and/or sea waybills of HMM, Alliance and/or any NVOCC should be dismissed on the basis of the covenant not to sue clause in the terms and conditions of such bills of lading and/or sea waybills.

TENTH AFFIRMATIVE DEFENSE

35.    The shipment in question was subject to all of the terms, conditions, defenses, limitations, and limitations of liability of the United States Carriage of Goods by Sea Act (and/or the Harter Act, if applicable) including, but not limited to: act, neglect, or default in the navigation or in the management of the ship; perils dangers and accidents of the sea; Act of God; latent defects not discoverable by due diligence; and that any damage and/or loss to the shipment in question arose without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier.

ELEVENTH AFFIRMATIVE DEFENSE

36.    Any damage and/or loss to the shipment in question was caused by or due to the

acts, omissions, fault, neglect and/or breach of warranty of the owners of the shipment, the

shippers or receivers and their agents or the nature of the shipment, including insufficiency of

packing or marks, improper stuffing of containers, inherent vice, or resulted from the acts,

omissions, fault or negligent of other persons or entities for which ONE is neither responsible

nor liable.

TWELFTH AFFIRMATIVE DEFENSE

37.     ONE's liability, if any, is limited to $500 per package, or for goods not shipped in

packages, $500 per customary freight unit.

THIRTEENTH AFFIRMATIVE DEFENSE

38.      Due diligence was exercised to make the carrying vessel seaworthy and to ensure

that it was properly manned, equipped, and supplied, and to make the holds and other parts of the

vessel in which the shipment was carried safe and fit for its reception. Accordingly, if the

shipments sustained any loss or damage due to any unseaworthiness of the vessel, which is

denied, ONE is not liable for said loss or damage.

FOURTEENTH AFFIRMATIVE DEFENSE

39.     This Court lacks personal jurisdiction over ONE.

FIFTEENTH AFFIRMATIVE DEFENSE

40.     The claims against ONE are time-barred.

SIXTEENTH AFFIRMATIVE DEFENSE

41.     Plaintiff is not the real party in interest.

SEVENTEENTH AFFIRMATIVE DEFENSE

42.     ONE reserves the right to rely on any terms, conditions, defenses, limitations and

limitations of liability of any applicable service contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

43.     Failure to state a claim upon which relief can be granted.

WHEREFORE, ONE prays for judgment dismissing all claims against ONE, for all costs and attorneys' fees associated with this action, and for such other and further relief as the Court deems just and proper.

Dated: March 31, 2023

> LYONS & FLOOD, LLP
> Attorneys for Defendant
> Ocean Network Express, PTE., LTD.

By: _____

> Randolph H. Donatelli
> The Towers, Suite 206
> 111 Great Neck Road
> Great Neck, NY 11021
> (212) 594-2400

C:\Users\emcke\Lyons & Flood Dropbox\WorkDrive\Donatelli\2766017\Legal\22-cv-08233\Answer to Alliance Cross-claim.docx