**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | 1:22-md-03028-PAE |
| ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020, | **CROSS-DEFENDANT HMM CO., LTD.'S ANSWER TO CROSSCLAIM OF DEFENDANT MCL-MULTI CONTAINER LINES, INC.** |
| This Document Relates to _Mitsui Sumitomo Insurance Company of America, et al. v. M/V ONE Apus, et al.,_ Case No. 1:22-cv-08233 | |

Cross-Defendant HMM CO., LTD. ("Cross-Defendant" or "HMM") submits its Answer to the Crossclaim of Cross-Complainant MCL-MULTI CONTAINER LINES, INC. ("MCL") as follows.

1.    HMM admits the allegations contained in paragraphs 5, 11 and 18 of the Crossclaim.

2.    HMM lacks sufficient information and belief to respond to paragraphs 1, 2, 3, 4, 6, 7, 8, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 26, 27, 29, 31, 36 and 37 of the Crossclaim and therefore based upon its lack of information and belief HMM denies, in their entirety, the allegations contained therein.

3.    To the extent that Cross-Complainant incorporates by reference allegations in paragraphs 24, 30 and 35 of the Crossclaim, HMM hereby references its responses thereto.

4.    In response to paragraph 9 of the Crossclaim, HMM admits that Yang Ming Marine Transport Corp. was and is a foreign corporation and that it is a vessel operating common carrier registered with the Federal Maritime Commission and that it regularly engages in the business of transporting ocean-born cargo in the foreign commerce of the United States. HMM lacks sufficient information and belief to respond to additional allegations in paragraph 9 and therefore based upon its lack of information and belief denies those allegations in their entirety.

- 1 -

5.      In response to paragraph 10 of the Crossclaim, HMM admits that HMM is a foreign limited liability company registered in the Republic of Korea with its principal place of business in the Republic of Korea and that it is a vessel operating common carrier registered with the Federal Maritime Commission and that it regularly engages in the business of transporting ocean-born cargo in the foreign commerce of the United States.  All other allegations contained therein are denied in their entirety.

6.      In response to paragraph 25 of the Crossclaim, HMM admits that the Carriage of Goods by Sea Act sets out, among other things, the duties of ocean carriers in the transport of goods. All other allegations contained therein are denied in their entirety.

7.      In response to the allegations contained in paragraphs 28, 32, 33 and 34 of the Crossclaim HMM denies, in their entirety, all allegations contained therein concerning HMM.  HMM lacks sufficient information and belief to respond to additional allegations contained in those paragraphs and therefore, based upon its lack of information and belief, HMM denies, in their entirety the allegations contained therein.

8.      HMM denies that Cross-Complainant is entitled to relief from HMM in any amount or in any manner.

## AFFIRMATIVE DEFENSES

9.      FOR A FIRST AFFIRMATIVE DEFENSE, HMM alleges that any damage and/or loss was caused either solely or partially by the negligence and carelessness of Cross-Complainant, its agents or servants, its alleged subrogor or its predecessor in interest, or by the negligence of persons other than HMM.

10.      FOR A SECOND AFFIRMATIVE DEFENSE, HMM alleges that any damage and/or loss was caused either solely or partially by persons, firms, corporations or entities other than HMM. HMM alleges that persons, firms, corporations or entities, other than HMM are at fault and responsible in some manner for the damage alleged by Cross-Complainant in that said fault comparatively reduces the percentage of fault, if any of HMM.

KYL4857-5152-6492.2

11.     FOR A THIRD AFFIRMATIVE DEFENSE, HMM asserts, relies on and incorporates by reference as though fully set forth herein, each and every defense and limitation contained in or made available to HMM by the terms of the applicable bill or bills of lading. If the shipment sustained any loss and/or damage as alleged, or otherwise, which is denied, said loss and/or damage resulted from one or more of the causes in said bill or bills of lading which exempt HMM from any liability.

12.     FOR A FOURTH AFFIRMATIVE DEFENSE, HMM alleges that its liability, if any, is limited to $500.00 per package or customary freight unit.

13.     FOR A FIFTH AFFIRMATIVE DEFENSE, HMM alleges that the venue of this action is improper and that this Court lacks jurisdiction over HMM. Specifically, the HMM Bill of Lading provides that all claims alleged in Cross-Complainant's Crossclaim against HMM are exclusively governed by the Laws of Korea and all actions under or concerning the Bills of Lading under which the cargo which is the subject of Cross-Complainant 's Crossclaim against HMM was carried (including, but not limited to, Loss of or Damage to the Goods) whether based on breach of contract, tort or otherwise shall be brought before the Seoul Civil District Court in Korea.

14.     FOR A SIXTH AFFIRMATIVE DEFENSE, HMM alleges that Cross-Complainant 's claims in the Crossclaim are barred by the relevant statute of limitations including but not limited to 46 U.S.C. § 1303.

15.     FOR A SEVENTH AFFIRMATIVE DEFENSE, HMM alleges that Cross-Complainant, its agents or servants, its alleged subrogor or its predecessor in interest, failed to mitigate its damages as required by law.

16.     FOR AN EIGHTH AFFIRMATIVE DEFENSE, HMM states that if it is found to be liable for loss herein, that it is entitled to indemnification by shipper herein as provided in 46 U.S.C. § 1303(5), <u>The Carriage of Goods by Sea Act</u>.

17.     FOR A NINTH AFFIRMATIVE DEFENSE, HMM states that Cross-Complainant 's damages, if any, were caused by acts or omissions of the shipper or owner of the goods, its agents or representatives.

18.     FOR A TENTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any, was caused by insufficiency or inadequacy of marks.

19.     FOR AN ELEVENTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any, was caused by inherent defect, quality or a vice of the subject goods.

20.     FOR A TWELFTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any, was caused by insufficiency of packing.

21.     FOR A THIRTEENTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any, was caused by latent defects not discoverable by due diligence.

22.     FOR A FOURTEENTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any, was caused by neglect or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship.

23.     FOR A FIFTEENTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any, was caused by an act of God.

24.     FOR A SIXTEENTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any, was caused by perils, dangers, and accidents of the sea or other navigable waters.

25.     FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any, was caused by an act of war.

26.     FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, HMM states that any damage to the goods or loss to Cross-Complainant, if any was caused by an act of public enemies.

27.     FOR A NINETEENTH AFFIRMATIVE DEFENSE, HMM states that if the goods were deposited with HMM, HMM and or its agents used all due care and diligence for the care and preservation thereof and its loss was caused without any fault or breach on the part of HMM.

28.     FOR A TWENTIETH AFFIRMATIVE DEFENSE, HMM states that Cross-Complainant 's claims are barred, in whole or in part, by the doctrine of *forum non conveniens*.  HMM hereby reserves its right to seek dismissal of Cross-Complainant 's claims on this basis by motion at a later time.

29.     FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, HMM states that the Crossclaim fails to state a claim against HMM on which relief can be granted.

30.     FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, HMM states that HMM is not liable to Cross-Complainant on the causes of action alleged in the Crossclaim.

31.     FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, HMM states that the Cross-Complainant is not the real party in interest and are not entitled to maintain this action.

32.     FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, HMM states that Cross-Defendants are entitled to the benefit of the covenant not to sue clause(s) in the bills of lading, sea waybills and contracts of carriage and the Crossclaim should be dismissed against the Cross-Defendants. Cross-Complainant agreed not to make a claim or allegations against Cross-Defendants. Cross-Defendants are entitled to recover their attorneys' fees, expenses and costs in defending this action.

33.     FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, HMM states that Cross-Defendants are entitled to the benefit of the Himalaya Clause(s) in the bills of lading, sea waybills and contracts of carriage issued by carriers involved in the performance of the carriage, including, without limitation, any of the charterers, slot charterers and/or non-vessel operating

- 5 -

common carriers and are therefore entitled to the rights, defenses, limitations and immunities said forth in said bills of lading, sea waybills and contracts of carriage.

34.     FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, HMM states that there was any loss/and or damage to cargo as alleged in the Crossclaim, it was occasioned by causes for which HMM is exonerated under the Harter Act, Title 46 U.S.C. § 30701, et seq.

35.     FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, HMM states that HMM was not a carrier subject to liability for the loss alleged.

36.     FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE, HMM states that Cross-Complainant's claims are barred by waiver of subrogation.

WHEREFORE, HMM

1.     Asks that the Crossclaim be dismissed with prejudice; and

2.     HMM have judgment for its costs and attorneys' fees.

DATED:  April 5, 2023

JOHN D. GIFFIN
CONNOR M. TRAFTON
MAYA BARBA
KEESAL, YOUNG & LOGAN
Attorneys for Cross-Defendant
HMM CO., LTD.

KYL4857-5152-6492.2